[Sac. No. 984.   Department One.—October 17, 1903.]

## CHARLES D. SIMPSON, Appellant, v. PORTER BROTHERS COMPANY et al., Respondents.

ACTION FOR PRICE OF HAY—FAILURE OF PROOF UPON TRIAL.—In an action by a plaintiff for the price of hay, alleged to have been sold to all of the defendants, where the plaintiff's evidence upon trial of defendants served with summons and answering showed that the hay had been sold to a defendant not served with summons, but not appearing, and not to either of the defendants answering, the evidence fails to support the complaint as against them, and a judgment in their favor cannot be disturbed upon appeal.

ID.—ACCEPTANCE OF ORDER NOT SUED UPON—POSSESSION OF HAY.—Where the plaintiff accepted an order from the defendant not served, to whom he sold the hay, upon one of the defendants answering, and credited the purchaser with the amount, but did not sue such defendant upon the order, but merely for the price of the hay, and did not seek to amend the complaint to sue upon the order, the plaintiff is not entitled to judgment against the defendant who accepted the order merely because the hay came finally into his possession from the defendant not served, who sold it to him.

APPEAL from a judgment of the Superior Court of Yolo County and from an order denying a new trial.   E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

R. Clark, for Appellant.

W. M. Sims, for Respondents.

VAN DYKE, J.—The action was brought to recover of the defendants the sum of $341.02, the price of a lot of baled hay, alleged to have been sold to them by the plaintiff. The defendant Young was not served with summons, and plaintiff proceeded to trial as against the other defendants; they answered, putting in issue the allegations of the complaint, and the court found in their favor, and rendered judgment accordingly. The appeal is from the judgment and the order denying plaintiff's motion for a new trial.

It is contended by the appellant that the findings are not supported by the evidence. But from plaintiff's own testi-

mony it appears that the hay in question was sold to the defendant Young alone. He says: "In November, 1897, I sold Mr. Young this hay in controversy, amounting to $341, put on the cars down here at the depot, and charged it up to Mr. Young on my books. At that time I knew of Porter Brothers Company, but had never met them. I had n't heard of Moger." In payment for the hay, it appears, Young gave an order on Moger, payable to the plaintiff, for the price of the hay, which order Moger accepted, and the plaintiff testifies: "When I received the order from Young, which was accepted by Moger, at Auburn, I credited it up to Young. I accounted for the hay to him; also charged it to him; looked to Mr. Young for the money for this hay." It seems clear, therefore, that the sale of the hay in question by the plaintiff was not to Moger, or to Porter Brothers, but to Young, personally, and that the order in question, accepted by Moger, was for the purchase of the hay from Young, and not from the plaintiff. The appellant contends that at least the judgment should have gone against Moger, inasmuch as the hay sold to Young finally came into the possession of Moger. But Moger's liability to the plaintiff is the acceptance of the order drawn by Young, and not on the purchase of the hay from the plaintiff, and this action is not upon that order, or upon any such liability. The allegation of the complaint is: "That on the thirteenth day of October, 1894, at Yolo County, California, at the special instance and request of the defendants, and of each of them, plaintiff sold and delivered to them a certain lot of baled hay at the agreed price of $341.02, at which time and place the defendants, and each of them, undertook, promised, and agreed, immediately to pay plaintiff said sum for said hay." It will be seen, therefore, that the evidence entirely fails to support the allegations of the complaint, and no application was made on the part of the plaintiff to amend the complaint, even if it were susceptible of an amendment (which it is unnecessary here to decide), to change the cause of action from that stated in the complaint to an action on the acceptance by Moger.

The judgment and order are affirmed.

Shaw, J., and Angellotti, J., concurred.